J-S34007-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JERET SAMUEL HARVEY, | |
| Appellant | No. 2096 MDA 2014 |

Appeal from the Judgment of Sentence August 14, 2014
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0001226-2013

BEFORE:  BOWES, OTT and STABILE, JJ.

MEMORANDUM BY BOWES, J.:                      **FILED JULY 15, 2015**

Jeret Samuel Harvey appeals from the aggregate judgment of sentence of five to ten years incarceration to be followed by two years of probation imposed by the trial court after a jury found him guilty of receiving stolen property and theft by unlawful taking, and a subsequent jury found him guilty of persons not to possess a firearm.  After careful review, we affirm.

The trial court recounted the following facts relative to Appellant's trial for receiving stolen property and theft by unlawful taking.

> On June 30, 2013 [Derick] Smith was cleaning his living room when he heard the doorbell and knocking on the door.  At the time, Smith was the only person in his residence.  Smith did not answer the door, but he noticed the doorknob wiggle and the door begin to open.  He pointed his revolver towards the door because he did not know who was entering the residence.  As

soon as Smith realized that [Appellant], his cousin, was entering the residence, he lowered the revolver. Smith then put the revolver in the center compartment of his couch in his living room.

[Appellant] and Smith sat on the couch in the living room. [Appellant] asked to see Smith's revolver. Smith took the revolver out of the compartment, unloaded it, and handed it to [Appellant]. [Appellant] looked at the revolver and then gave it back to Smith, who reloaded the revolver and put it back in the compartment. Smith and [Appellant] then talked.

After a while, Smith went to the kitchen to get a carpet cleaning machine. While in the kitchen, Smith could not see [Appellant] and did not hear the sound of the couch compartment opening or closing. Smith returned to the living room about 45 seconds after leaving it. [Appellant] was sitting in the same spot as when Smith left. [Appellant] and Smith talked briefly. [Appellant] then said that he was going to a specific gas station to buy cigarettes. [Appellant] asked Smith if he wanted a pack, and Smith said no thank you. Smith thought the offer was unusual because [Appellant] was not "the kind of person to buy someone something." [Appellant] then said "that's what family is for" and left the residence. Thirty seconds after [Appellant] left the residence, Smith ran to the couch compartment. He opened the compartment but did not see the revolver. Smith then ran towards the gas station to find [Appellant]. He called 911 either right before he left the residence or as he was running to the gas station. Smith could not find [Appellant]. When he got back to his residence, police were there.

A few days later, the [sic] Smith communicated with [Appellant] via the website Facebook. Smith told [Appellant] that if [Appellant] returned the revolver, Smith would tell police that he found it in his residence. [Appellant] "agreed to do that." [Appellant] never contacted Smith with a specific date and time when he would return the revolver.

Later, Smith saw [Appellant] on Third Avenue in Williamsport. Smith asked [Appellant] about the revolver. [Appellant] said the revolver was with a man who lived in an apartment off High Street in Williamsport. According to

[Appellant], the apartment was numbered four. [Appellant] said that two men lived in the apartment, and one of them used a wheelchair. [Appellant] got into a woman's car, and Smith called 911. The woman began to drive, and Smith followed in his car. Smith gave the dispatcher the location of the woman's car as he followed it. The car stopped near a Uni-mart in Williamsport. Police arrived in the area and arrested [Appellant].

Trial Court Opinion, 11/18/14, at 1-3. A jury found Appellant guilty of receiving stolen property and theft on February 24, 2014. Thereafter, on June 9, 2014, Appellant went to trial for the firearms violation.

Smith's testimony was substantially similar at Appellant's trial for the firearm crime. However, he did deviate slightly from his earlier testimony. Specifically, he averred that he could not recall if the revolver was unloaded when he handed it to Appellant. Smith also maintained that Appellant did not name the gas station where he intended to purchase cigarettes, but Smith assumed it was the local gas station. Further, Smith acknowledged that a person other than Appellant may have informed him that one of the residents of the High Street apartment was in a wheelchair. Finally, Smith added that he did not notice any bulges in Appellant's pockets when he left, and that the revolver was five inches long. The parties stipulated that Appellant was not permitted to possess a gun.

The jury found Appellant guilty and he proceeded to sentencing on each of the crimes on August 14, 2014. The court sentenced Appellant to three and one-half to seven years incarceration for the firearms charge and one and one-half to three years incarceration to be followed by two years of

probation for the theft offense. The court ordered these sentences to be consecutive. Appellant filed a timely post-sentence motion, which the court denied. This appeal ensued. The trial court directed Appellant to file and serve a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant complied, and the trial court indicated that the reasons for its decision could be found in its earlier opinion disposing of Appellant's post-sentence motion. The matter is now ripe for this Court's review. Appellant presents seven questions for our consideration.

1. Whether the evidence was insufficient to meet the offense of Person Not to Possess? Specifically, did the evidence show that Appellant possessed, used, controlled, sold, transferred or manufactured a firearm?

2. Whether the verdict of guilt for Person Not to Possess was against the weight of the evidence, specifically, where the Jury found that Appellant possessed, used, controlled, sold, transferred or manufactured a firearm?

3. Whether the evidence was sufficient to meet the offense of Theft by Unlawful Taking? Specifically, did the evidence meet the element that Appellant took the property of Derrick Smith?

4. Whether the verdict of guilt for Theft by Unlawful Taking was against the weight of the evidence, specifically, where the Jury found that Appellant took the property of Derrick Smith?

5. Whether the evidence was sufficient to meet the offense of Receiving Stolen Property? Specifically, did the evidence meet the element that the property was stolen?

6. Whether the verdict of guilt for Receiving Stolen Property was against the weight of the evidence, specifically, where the Jury found that the property was stolen?

7. Whether the Court's Sentence is Excessive?

Appellant's brief at 6.[1]

We address Appellant's three separate sufficiency claims together at the outset. In performing such a review, we consider all of the evidence admitted, even improperly admitted evidence. ***Commonwealth v. Watley***, 81 A.3d 108, 113 (Pa.Super. 2013) (*en banc*). We view the evidence in a light most favorable to the Commonwealth as the verdict winner, drawing all reasonable inferences from the evidence in favor of the Commonwealth. ***Id***.

The evidence "need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented." ***Id***. When evidence exists to allow the fact-finder to determine beyond a reasonable doubt each element of the crimes charged, the sufficiency claim will fail. ***Id***. In addition, the Commonwealth can prove its case by circumstantial evidence. Where "the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances[,]" a defendant is entitled to relief. ***Id***. This Court does not "re-weigh the evidence and substitute our judgment for that of the fact-finder." ***Id.***

---

[1] The Commonwealth has not filed a brief in this matter; instead, it has chosen to rely on the trial court opinion.

Appellant's initial sufficiency claim relates to his persons not to possess a firearm charge. In order to be found guilty of this offense, the Commonwealth is required to show that the defendant had a statutory disqualifying offense that precluded him from possessing a gun and that the defendant did possess such a weapon. The parties stipulated that Appellant had a disqualifying offense.

Here, the evidence is clearly sufficient to sustain Appellant's conviction. The victim testified that he showed Appellant the gun and returned it to its storage place. Thereafter, the victim left the room, leaving Appellant alone in the room with the weapon. After Appellant left, the victim discovered his gun was missing and immediately telephoned law enforcement. In addition, the victim testified that Appellant admitted taking the gun and indicated that he would return it, but failed to do so. Appellant's persons not to possess a firearm sufficiency claim is meritless.

Appellant's sufficiency issue pertaining to his theft is also without merit. Appellant argues that he told the victim that he was borrowing the gun to do a job; therefore, he did not intend to permanently deprive Appellant of the weapon. In addition, Appellant maintains that only the victim testified that he, the victim, had the gun between the purchase date and the date of the theft. Appellant, therefore, seeks to infer that the weapon may have been taken beforehand.

Appellant has ignored our standard of review, which requires us to consider the evidence in a light most favorable to the Commonwealth. Further, circumstantial evidence alone is sufficient to convict an accused. In the present case, the victim testified that he possessed the gun when Appellant visited him, but the weapon was gone after Appellant left. Additionally, despite Appellant's claim that he would return the gun, he never did so. The evidence was more than sufficient to establish a theft. Appellant's final sufficiency claim relates to his receiving stolen property offense. Appellant's position is identical to his theft argument and fails for similar reasons. Appellant's issue is frivolous.

Appellant also forwards three separate weight claims relative to each of his convictions. A weight claim must be preserved in a timely post-sentence motion. ***Commonwealth v. Lofton***, 57 A.3d 1270, 1273 (Pa.Super. 2012). "Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence." ***Commonwealth v. Clay***, 64 A.3d 1049, 1055 (Pa. 2013) (emphases removed). Accordingly, "[o]ne of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice." ***Id***.

A trial judge should not grant a new trial due to "a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion." *Id*. Instead, the trial court must examine whether "'notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.'" *Id*. (citation omitted). Only where the jury verdict "is so contrary to the evidence as to shock one's sense of justice" should a trial court afford a defendant a new trial. *Id*. A weight of the evidence issue concedes that sufficient evidence was introduced. ***Commonwealth v. Charlton***, 902 A.2d 554, 561 (Pa.Super. 2006).

Although Appellant purports to raise weight claims, his actual argument is identical to his sufficiency of the evidence positions. Weight claims are, however, distinct and concede that the Commonwealth introduced sufficient evidence to establish the elements of the crimes. Since Appellant's contentions are merely a rehashing of his sufficiency arguments, they fail for reasons outlined above.

The final claim Appellant levels on appeal is that his sentence is excessive. This issue implicates the discretionary aspects of his sentence. To preserve such a sentencing claim, the defendant must raise the issue either in a post-sentence motion, or during the sentencing proceedings. ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1042 (Pa.Super. 2013) (*en banc*). In addition, a defendant must "preserve the issue in a court-ordered

Pa.R.A.P. 1925(b) concise statement and a Pa.R.A.P. 2119(f) statement."
*Id*.

"There is no absolute right to appeal when challenging the discretionary aspect of a sentence." *Cartrette*, *supra* at 1042. "[A]n appeal is permitted only after this Court determines that there is a substantial question that the sentence was not appropriate under the sentencing code." *Id*. In considering the merits of a discretionary sentencing matter, we review the sentencing court's decision for an abuse of discretion. *Commonwealth v. Dodge*, 77 A.3d 1263, 1274 (Pa.Super. 2013). In performing this review, we consider the statutory requirements of 42 Pa.C.S. § 9781(c) and (d). *Id*. Section 9781(c) provides that this Court shall vacate a sentence and remand under three circumstances:

> (1)  the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;
>
> (2)  the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or
>
> (3)  the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

42 Pa.C.S. § 9781(c). Further, we examine:

> (1)  The nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2)  The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

Appellant timely filed a post-sentence motion asserting an excessiveness claim therein. He further preserved the issue by including it in his Rule 1925(b) concise statement. Appellant, however, failed to provide a Pa.R.A.P. 2119(f) statement in his brief. Nonetheless, since the Commonwealth has declined to file a brief, it has not objected to this omission. Accordingly, we decline to find waiver on that ground. *See* ***Dodge***, ***supra*** at 1271. Nonetheless, Appellant has not raised a substantial question for review. It is well-settled that a bald excessiveness claim without more does not present this Court with a substantial question of sentencing error to review. ***Dodge***, ***supra***. As Appellant only leveled a bald excessiveness claim, he is entitled to no relief.

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/15/2015

- 10 -